## No. 4.

### MURDOCK against MATTHEWS. *Addison*, 1820.

WHERE the administratrix of A, had, by mistake, discharged a debt due from the executor of B ; after the mistake is discovered by both, before the estate of B is settled by the executor, or a quietus obtained by him; administratrix may compel payment of the original debt by the executor, and his bond, to the Judge of Probate, is holden for the payment. The administratrix is not obliged to look to the executor in his individual capacity.

THIS was a scire facias, on a judgment formerly rendered on a Probate bond, executed by Jesse Hanford, executor of the will of Samuel Murdock, deceased, as principal, and defendant as surety. On the trial of this cause, the defendant gave in evidence a receipt in writing, of which the following is a copy :

"*Castleton, Nov.* 2, 1809.

"Received of Jesse Hanford, executor of the estate of Samuel Murdock, deceased, $355,31, in full of all demands I have against the estate of Samuel Murdock, as will appear by the records of the commissioners, the above sum being endorsed on a note that the said Samuel Murdock held against the estate of Throop Murdock, late of Castleton, deceased.

"PRUDENCE MURDOCK, *Administratrix.*"

The execution of the above receipt, having been proved, the plaintiff duly proved the following facts, viz : That the plaintiff was administratrix on the estate of Troop Murdock, deceased ; that the note against this estate, on which the amount of said receipt was endorsed, as therein stated, was a demand on which there had been previously allowed by the commissioners, on the estate of Troop Murdock, the sum of $600, in favor of Samuel Murdock ; that after the execution of said receipt, it was discovered by the plaintiff, that the greater part of said sum of $600 had been paid to the said Samuel Mur-

dock, by the said Troop, in his life-time.  Whereupon, upon application of the plaintiff, the report of the commissioners on the estate of Troop Murdock, was set aside, and new commissioners, duly and legally appointed, on the said claim of said Samuel, against the estate of said Throop, who reported there was due to the said Samuel, from the said Throop, at the time of his death, which happened on the 22d day of February, 1801, the sum of $175,02, which report was affirmed on appeal to the Supreme Court ; that the above sum of $355,31, was not taken into consideration by said commissioners, as having been paid on said demand, but that the said sum of $600 was reduced to said sum of 175,02, by payment made by said Troop in his life-time.

These proceedings were had, before the said Hanford had completed the settlement of Samuel Murdock's estate, or been discharged from his trust by the Court of Probate.

The Judge instructed the Jury, that the legal effect of said receipt was done away, except so far as it embraced the said sum of $175,02, and the Jury accordingly found a verdict for the plaintiff, for the amount due on the above-mentioned sum of 355,31, after deducting the above sum of $175,02, and interest thereon.

Motion for new trial, founded on *exceptions* to opinion and charge of the Judge.

In support of the motion, it was contended, by *D. Chipman*, for defendant :

1. That the receipt must operate to discharge Hanford, in his character as executor ; the settlement was not void, but cancelled the original claim against the estate of Samuel Murdock, and the only remedy of the plaintiff, was against Hanford, in his individual capacity ; if plaintiff had paid the money, instead of discharging a debt against the estate of Samuel Murdock, her only remedy would be against Hanford, as an individual ; so, in this case, where the action was brought to recover a debt discharged by mistake.

Hanford could not charge this sum to the estate of Samuel Murdock.

2. But, if the executor is not discharged, this claim cannot be set up against the surety ; for here was *apparently* a complete discharge of the debt against the estate, and this is sufficient to discharge the *surety.*

The plaintiff's only remedy is by an action of money had and received, against Hanford, in his individual capacity.

*Contra.* *S. S. Phelps*—The receipt is evidence, merely of a set-off of the two claims, mentioned in the statement of the case ; one of these claims was afterwards discovered not to be due, and was so settled by judgment of the Supreme Court ; if the demand against the estate of T. Murdock was not due, the plaintiff's demand was not satisfied, and the receipt, being given under a mistake, did not discharge the plaintiff's demand ; it remained *in statu quo.* The plaintiff, having never received satisfaction of her claim, is not without remedy, she must maintain, either,

1. Assumpsit for money had and received, against Hanford, or,

2. Pursue her original claim against the estate of Samuel Murdock, in the same manner as if the transaction in question had never taken place.

But, assumpsit for money had and received *could not lie* against Hanford, in this case—no money, or any equivalent to money, passed to Hanford, he could not be liable *de bonis propriis,* because all he received was a discharge of a debt, against the estate, for which he was liable only, *de bonis testatoris.*

The circumstance that this action is against the bail of Hanford, makes no difference, for, if there was no payment to avail the principal, it could not avail the surety.

Hanford had not fully administered, when the report, in favor of Samuel Murdock, against the estate of T. Murdock, was reversed ; whatever might have been the state of the two claims, while that report was in full force, when it was reversed.

it became the duty of Handford, *as executor*, to pay plaintiff's claims ; his failure to pay was a breach of the bond.

The proper remedy of the plaintiff, was, to treat the attempt at payment. as a nullity, and to proceed on the original cause of action.  Mr. Phelps cited Clark v. Mundall, 1 Salk. 124.  12 Mod. 203.  Ward v. Evans, 2 L. Raymond 928. Lord v. Travers, 12 Mod. 408.  Packford v. Maxwell, 6 T. R. 52.  Owenson v. Morse, 7 Tem. Rep. 64.  1 Esp. 5.

By the Court.  The direction of the Judge to the Jury, is affirmed ; the plaintiff had a right to treat the receipt as a nullity, and proceed to prosecute her claim against the estate of Samuel Murdock, as though no set-off had been made : the error having been detected, before the estate was settled, it was the duty of Hanford, *as executor*, to satisfy the plaintiff's claim ; and defendant, as surety, stands responsible, and is not discharged by the receipt.

Motion dismissed ; and Judgment rendered on verdict.